UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SHAHITTA C.,[1]

                                        Plaintiff,         Case # 23-cv-0109-FPG

v.                                                                     DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,
                                      Defendant.
_____

**INTRODUCTION**

On June 13, 2020, plaintiff Shahitta C. ("Plaintiff") protectively applied for supplemental security income under Title XVI of the Social Security Act (the "Act"), alleging disability beginning on January 1, 2015. Tr.[2] 245-51. Plaintiff's claim was denied by the Social Security Administration on December 22, 2020, and again upon reconsideration on April 9, 2021. *Id.* Thereafter, Plaintiff requested a hearing, which was held via telephone on December 10, 2021 before Administrative Law Judge William M. Weir ("ALJ"). Tr. 7-26. On January 13, 2022, the ALJ issued an unfavorable decision, finding that Plaintiff was not disabled. *Id.* The Appeals Council denied review on December 16, 2022. Tr. 1-6. Plaintiff then appealed to this Court.[3] ECF No. 1.

The parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 6, 7. For the reasons that follow, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and the case is REMANDED to the Commissioner for further proceedings consistent with this opinion.

---

[1] In order to better protect personal and medical information of non-governmental parties, this Decision and Order will identify the plaintiff using only her first name and last initial in accordance with this Court's Standing Order issued November 18, 2020.

[2] "Tr." refers to the administrative record in this matter. ECF No. 5.

[3] The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

1

**LEGAL STANDARD**

**I.  District Court Review**

When it reviews a final decision of the Social Security Administration ("SSA"), it is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Rather, the Court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. §§ 405(g), 1383(c)(3)) (other citation omitted). The Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted). "If the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld." *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014).

**II.  Disability Determination**

To determine whether a claimant is disabled within the meaning of the Act, an ALJ follows a five-step sequential evaluation: the ALJ must determine (1) whether the claimant is engaged in substantial gainful work activity; (2) whether the claimant has any "severe" impairments that significantly restrict his or her ability to work; (3) whether the claimant's impairments meet or medically equal the criteria of any listed impairments in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"), and if they do not, what the claimant's residual functional capacity ("RFC") is; (4) whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work; and (5) whether the claimant's RFC permits him or her to perform alternative substantial gainful work which exists in the national economy in light of her age, education, and

work experience. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986); *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999); *see also* 20 C.F.R. § 416.920.

## DISCUSSION

### I.  The ALJ's Decision

The ALJ analyzed Plaintiff's claim for benefits using the process described above. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 13, 2020. Tr. 12. At step two, the ALJ found that Plaintiff has several severe impairments, including an anxiety disorder. Tr. 13. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity of one of the Listings. Tr. 13. The ALJ determined that Plaintiff maintained the residual functional capacity to "perform light work . . . except . . . she cannot work with the public, she can have occasional contact with coworkers and supervisors, and the supervisory contact could be up to frequent for the first 30 days of training or orientation." Tr. 15.

At step four, the ALJ concluded that Plaintiff has no past relevant work. Tr. 19. At step five, the ALJ concluded that Plaintiff could perform the jobs of Cleaner/Housekeeper and Plastic injection molder, and that together, these jobs exist in significant numbers in the national economy. Tr. 20. As such, the ALJ found that Plaintiff was not entitled disability benefits. Tr. 20-21.

### II.  Analysis

Plaintiff argues that the portion of the RFC which says that "supervisory contact could be up to frequent for the first 30 days of training or orientation" is not supported by substantial evidence. The Court agrees.

In crafting this portion of the RFC, the ALJ said that "the opinion of state agency reviewing psychological consultant M. Butler, Ph.D., finding [Plaintiff] has marked limitations in interacting

with others is more persuasive" than the opinion of consultative examiner Susan Santarpia, Ph.D., who opined that Plaintiff could "interact adequately with supervisors, co-works, and the public." Tr. 18. In fact, the ALJ found Dr. Butler's opinion the most persuasive because "it was rendered later in the period," was "supported by the evidence," and was "based upon a review of the entirety of the evidence available at that time, as compared to a one-time examination." Tr. 19.

Dr. Butler's opinion regarding Plaintiff's ability to interact with others states specifically that she "has marked limitations for interacting with the general public, however, the claimant would be able to handle brief and superficial connect with co-workers and supervisors. Similarly, her ability to tolerate and respond appropriately to supervision would be reduced, but adequate to handle ordinary levels of supervision in the customary work settings." Tr. 96. Dr. Butler's opinion is reflected in the RFC insofar as the ALJ determined that the Plaintiff "cannot work with the public," but that "she can have occasional contact with coworkers and supervisors." Tr. 15. Both of these limitations are supported by Dr. Butler's opinion and the record. The ALJ's finding that Plaintiff cannot work with the public is consistent with the marked limitation for interacting with the public. Further, the ALJ's finding that Plaintiff is limited to occasional interaction with co-workers and supervisors is also consistent with Dr. Butler's opinion that interaction with those groups of people should be brief and superficial. *See Amos v. Comm'r of Soc. Sec.*, No. 1:18-CV-1367, 2020 WL 1493888, at *5-6 (W.D.N.Y. Mar. 27, 2020) (where ALJ gave significant weight to a doctor's opinion that plaintiff could handle brief and superficial contact, finding RFC providing for occasional interaction with coworkers was supported by substantial evidence).

However, the ALJ's finding that Plaintiff could endure "frequent" contact with supervisors for the first 30 days of training is in direct conflict with the opinion evidence that the ALJ found to be "most persuasive"—which states that Plaintiff could only endure "brief and superficial

contact" with her supervisors. Tr. 19, 96. In fact, the ALJ's determination of "frequent" is also in direct conflict with the ALJ's own conclusion that Plaintiff could only sustain "occasional" contact. This is troubling because there is nothing in the record to suggest that Plaintiff's limitations regarding her social interactions are suspended during a training period, and the ALJ does not explain how he reached that conclusion.

As a general matter, an ALJ is not required to "reconcile explicitly every conflicting shred of medical testimony," *Dioguardi v. Comm'r of Soc. Sec.*, 445 F. Supp. 2d 288, 297 (W.D.N.Y. 2006) (quotation and citation omitted), however, where the ALJ's "RFC assessment conflicts with an opinion from a medical source, the [ALJ] must explain why the opinion was not adopted," *id.* (quoting S.S.R. 96-8p, 1996 WL 374184, at *7 (S.S.A. July 2, 1996)). The ALJ did not do so here. "Consequently, the Court is left to guess at how the ALJ arrived at that restriction." *Jaquan M. v. Comm'r of Soc. Sec.*, No. 19-CV-6463, 2021 WL 925774, at *5 (W.D.N.Y. Mar. 11, 2021). This constitutes reversible error. *See Valentin v. Comm'r of Soc. Sec.*, No. 1:18-CV-1361, 2020 WL 967033, at *6 (W.D.N.Y. Feb. 28, 2020) (remanding where "the ALJ provide[d] no clear explanation of the means by which she arrived at her determination.").

Further, the ALJ's error here is not harmless because the two jobs that the ALJ relied on to determine that there were significant jobs in the national economy that Plaintiff could perform require a training period of up to 30 days[4] with frequent contact with supervisors. If, on remand, the ALJ does not explain or find medical support for a determination that Plaintiff could, in fact, endure frequent interaction with supervisors, then the ALJ would necessarily have to rely on the vocational expert to find other jobs that do not require the frequent interaction required for these

---

[4] Both the Cleaner/Housekeeper job and plastic injection molder job are SVP 2 jobs. SVP jobs require a training period that lasts up to one month. *See* DOT § 323.687-014, 1991 WL 672783; DOT § 556.685-038, 1991 WL 683482; Appendix C, 1991 WL 688701.

jobs. It is possible that the vocational expert would not be able to find such jobs and the ALJ would be compelled to determine that Plaintiff is disabled within the meaning of the SSA. This error is, therefore, not harmless.

The ALJ's decision is therefore reversed, and the matter is remanded to the Commissioner for further proceedings. *See Roscoe v. Berryhill*, No. 17-CV-6502P, 2018 WL 4519880, at *7 (W.D.N.Y. Sept. 21, 2018).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings, ECF No. 6, is GRANTED, the Commissioner's motion for judgment on the pleadings, ECF No. 7, is DENIED, and the case is REMANDED to the Commissioner for further proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court shall enter judgment and close this case.

IT IS SO ORDERED.
Dated: December 20, 2023
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York